UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA WESTON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:13-cv-1828 -TWP-TAB |
| BILL WILSON, Superintendent, | ) |
| Respondent. | ) |

## Entry Discussing Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Joshua Weston for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for Writ of Habeas Corpus

Weston was convicted in 2009 in an Indiana state court of two counts of child molesting. His direct appeal was resolved by the Indiana state courts in *Weston v. State*, No. 33A04-0905-CR-246 (Ind Ct.App. Feb. 2, 2010). He did not file a petition for transfer following this decision in his direct appeal. The trial court denied Weston's petition for post-conviction relief. There was no appeal filed with respect to the denial of his petition for post-conviction relief. His petition for writ of habeas corpus was filed with the clerk on November 18, 2013, after the April 23, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA").

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

A conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Weston's convictions were final on March 4, 2010, the last day on which he could have sought transfer to the Indiana Supreme Court of the decision in his direct appeal. Accordingly, Weston had one year from that date, or March 4, 2011, to seek federal habeas relief. The running of the statute of limitations was tolled while his action for post-conviction relief was pending between February 8, 2011, and May 3, 2013. *See Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002) (pursuant to 28 U.S.C. § 2244(d)(2), the one-year period "is tolled while a 'properly filed' application for post-conviction review is pending in state court"). The filing of the post-conviction relief action on February 8, 2011 was 340 days after March 4, 2010. When the statute of limitations clock started to run again Weston had 25 days left. That 25-day period expired on May 29, 2013. This was the expiration of the statute of limitations and rendered the habeas filing of November 18, 2013 5½ months late.

The respondent is also correct that Weston committed unexcused procedural default by not seeking transfer to the Indiana Supreme Court following the decision in his direct appeal and by not appealing the trial court's denial of his petition for post-conviction relief. The result of these

circumstances is that Weston's habeas claims were not presented in any form to the Indiana Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999)("a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1); the habeas petitioner's failure to present her "claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims"); *Hough v. Anderson,* 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Weston has encountered the hurdles produced by the one-year statute of limitations and by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome these hurdles. His petition for a writ of habeas corpus is therefore denied without a decision being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′2254 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Weston has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 1/26/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel